[No. 8191.   Department Two.   December 13, 1909.]

SARAH J. D. CONNER, *Respondent*, v. SEATTLE, RENTON & SOUTHERN RAILWAY COMPANY, *Appellant*.[1]

EVIDENCE—SELF-SERVING DECLARATION—CONDUCTOR'S ACCIDENT REPORT—CARRIERS. A conductor's written report of accident to a passenger, made at the time and soon thereafter given to the defendant, in compliance with its rules and custom, is inadmissible as it is a self-serving statement made in its own interest, and for the purpose of facilitating its defense.

APPEAL — REVIEW — EVIDENCE — TRIAL — MOTION FOR NONSUIT—WAIVER. A motion for a nonsuit is waived by proceeding with the trial and introducing evidence, after which the sufficiency of the evidence is to be determined in the light of all the evidence in the case.

CARRIERS—INJURY TO PASSENGER—PASSES—QUESTION FOR JURY. In an action by a passenger for personal injuries, where there was a conflict in the evidence as to whether she was riding on a pass waiving liability, and she testified positively that she was not and had paid her fare, the question is for the jury.

Appeal from a judgment of the superior court for King county, Tallman, J., entered January 4, 1909, upon the verdict of a jury rendered in favor of the plaintiff, in an action for personal injuries.   Affirmed.

*Morris B. Sachs*, for appellant.

*Morris, Southard & Shipley*, for respondent.

PARKER, J.—This action was brought to recover damages for personal injuries, alleged to have been sustained by the plaintiff while a passenger upon one of defendant's cars.

Plaintiff alleged in substance, in her complaint, that on November 25, 1905, she boarded one of defendant's cars, as a passenger for hire, for the purpose of taking passage thereon; that defendant carelessly and negligently maintained and operated said cars with a trapdoor in the floor thereof, near

[1]Reported in 105 Pac. 634.

the entrance, over which plaintiff was required to pass in order to reach a seat; that said trapdoor was negligently maintained at a sufficient elevation above the floor of the car so as to be a menace and danger to persons passing over same, all of which was unknown to her; that in passing from the rear entrance of the car to a seat therein, without any fault on her part, she stumbled upon said raised trapdoor, and by the sudden motion caused by the negligent starting of the car and by her stumbling upon said door she was violently thrown from her feet and precipitated upon the floor of the car with great force and violence, and was severely injured thereby; that if defendant had used reasonable diligence and care in the construction, maintenance and operation of the car, the accident and injury to her would not have occurred; that she was permanently crippled and deformed by reason of said injuries, describing them, and has suffered and will suffer great physical and mental pain, all to her damage in the sum of $20,000, for which she prays judgment against defendant.

Defendant by its answer denied the allegations of negligence charged against it in plaintiff's complaint, and as an affirmative defense alleged, in substance, that if plaintiff was at the time and place alleged by her a passenger upon its car, she was a gratuitous passenger traveling as such upon a pass issued at her request, without any consideration whatsoever to defendant, which was issued to and accepted by her under the conditions indorsed thereon as follows:

"In consideration of this free pass I hereby agree to assume and do assume all risk of accidents, damages and loss of property sustained by me, and I expressly agree with the Seattle, Renton & Southern Railway Company that it shall not be liable under any circumstances whether by reason of negligence of its agents or otherwise for any injury or loss to me as aforesaid."

Plaintiff replied denying the allegations of this affirmative defense. A trial upon these issues before the court and a jury

resulted in a verdict for $2,400 in plaintiff's favor. Thereupon defendant moved for a new trial, which the court denied and rendered judgment upon the verdict, from which this appeal is prosecuted.

It is first contended by learned counsel for appellant that the trial court erred in refusing to admit in evidence, offered in appellant's behalf, the report of the accident made in writing by the conductor of the car immediately following the accident, and very soon thereafter given to the defendant, in compliance with its rules. The theory upon which counsel sought to introduce this evidence is, using his own language:

"The report was admissible as being original entries made in the regular and due course of the business of the company and made contemporaneously with the transactions recorded."

For the sake of argument, we may admit that the report was made in due course and in compliance with a rule and custom universally followed. Yet we are quite unable to see how the statements made in such report can escape the objection of being self-serving, in so far as they were favorable to appellant's contentions (and of course it was because they were so favorable, that they were offered to support its contentions), being made by appellant's agent and in its interest concerning facts which the agent at the time of taking them knew would most likely become matters of dispute and drawn into litigation. Indeed, it is evident that the very making of the report upon the facts surrounding the accident was prompted by the possibility of the respondent claiming damages and suing the appellant therefor. Counsel cite the case of *Callihan v. Washington Water Power Co.*, 27 Wash. 154, 67 Pac. 697, 91 Am. St. 829, 56 L. R. A. 772, in support of his contention. In that case the question of fact was involved as to whether or not a woman was a passenger upon a certain car during a certain trip, she having testified that she had paid her fare by a transfer slip. The conductor's trip report, identified by him and offered in connection with his oral testimony, which had been made in usual course of business

showing that all fares paid on that trip were cash fares, was admitted in evidence over objections, which was assigned as error.   We think a careful reading of that decision will show that the court did not regard the report as self-serving, for the reason it was not made under circumstances when there were any inducements whatever to record the facts other than as they actually occurred at the time.   It was nothing more or less than a simple matter of bookkeeping in the usual course of business, without any thought of future litigation drawing the facts so recorded in question.   It was by reason of the absence of such considerations at the time of making the report that it was there admitted in evidence.   In this case the record of the facts, in the form of the conductor's report, was made for the very purpose of aiding appellant in possible future litigation with the respondent.   To admit such evidence would be a clear violation of the rule against self-serving declarations, so tersely stated by Judge Dunbar in the *Callihan* case on p. 159, as follows:

"It may be stated that the general rule is that the previous declarations of a witness out of court, and not sworn to, are not admissible to sustain his evidence given in court.   The reason for this rule is that such declarations are or might be self-serving, and, as has frequently been said, make a witness's credibility depend more upon the number of times he had repeated the same story, than upon the truth of the story itself."

We think the trial court correctly ruled in excluding this evidence.

Learned counsel for appellant contends that the trial court erroneously denied his motion for nonsuit at the close of respondent's evidence upon the trial, and also erroneously denied his motion for a new trial; both of which involved the sufficiency of the evidence to support a recovery by respondent.   These two contentions are argued separately in appellant's brief, but in view of the fact it voluntarily proceeded with the trial and introducing evidence after the denial of its motion for nonsuit, the question of the sufficiency of the evi-

dence is to be determined in the light of all the evidence, and is not limited to the state of the evidence at the time of the non-suit motion. *Gardner v. Porter*, 45 Wash. 158, 88 Pac. 121. We have read the evidence brought here by statement of facts, and are convinced therefrom that there is ample evidence tending to show the negligence of appellant, and the nature and extent of the injuries to respondent resulting therefrom, if believed by the jury, to support their verdict.

As to the affirmative defense, that respondent was a gratuitous passenger traveling upon a pass, which was denied by her, the learned trial court fairly instructed the jury touching the legal effect upon her right to damages resulting from appellant's negligence if she was traveling upon such pass, leaving to the jury the question of whether or not she was then traveling upon such pass, or was a passenger for hire. Upon this question of fact the evidence was in conflict. She testified, however, directly and positively that she did not then possess any such pass, and that she then paid her fare in cash. It thus became a question for the jury to determine, which their verdict shows they resolved in her favor.

We find no error in the record and therefore affirm the judgment.

RUDKIN, C. J., DUNBAR, CROW, and MOUNT, JJ., concur.